### 8072

#### *EX PARTE* INMAN, *IN RE* BUIST v. SULLIVAN.

INSANITY—MORTGAGES.—The overwhelming weight of evidence is to the effect that the mortgagor was sane when he executed the mortgage and when the summons and complaint in foreclosure were served on him.

Before GAGE, J., Greenville, April, 1911. Affirmed.

Petition by E. Inman, guardian *ad litem* of Newton Sullivan *in re* G. A. Buist, against Newton Sullivan, J. M. Cox and H. K. Townes. Petitioner appeals.

*Messrs. H. H. Harris* and *H. C. Miller,* for appellant, cite: *Insanity once shown is presumed to continue until contrary is proved:* 16 Ency. 604; 62 Miss. 440.

.. Messrs. Townes & Martin, contra, cite: Generally as conclusive of this case: 71 S. C. 331.

December 29, 1911. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The plaintiff, C. A. Buist, obtained by default a judgment of foreclosure on certain mortgages executed by Newton Sullivan. The mortgaged land was sold under the judgment in November, 1910, and purchased by H. K. Townes, who afterwards conveyed to R. D. Dawkins. In February, 1910, the defendant, Newton Sullivan, by E. Inman, as guardian *ad litem*, filed his petition in the foreclosure case, alleging that in the year 1900 Newton Sullivan was adjudged insane by the probate court of Greenville county and committed to the lunatic asylum, and has ever since continued insane, though he was released from the asylum on probation after two years' confinement, that he was mentally incapable of executing the mortgages referred to in the complaint for foreclosure, that the summons and complaint were served on him, but no guardian *ad litem* was appointed to represent him in the suit for foreclosure. Under these allegations an injunction was asked restraining Townes and Dawkins from interfering with Newton Sullivan's possession of the land. Judge Gage made a temporary restraining order in which he required Townes and Dawkins to show cause why the injunction should not be granted. After hearing the return, Judge Gage refused to grant the injunction, revoked the restraining order, and ordered the sheriff to put Townes in possession as the purchaser at the foreclosure sale.

There can be no doubt of the correctness of the order. The only evidence of insanity was the committal of the petitioner to the asylum, and the statement of his wife's opinion unsupported by a single fact, expressed in her petition for the appointment of a committee for him. On the

other side, there were before Judge Gage the fact that Sullivan had been released from the asylum, and the affidavits of a number of apparently disinterested persons that he conducted his business as a sane man, and had numerous transactions covering the period in which the mortgages were executed by Sullivan and the summons and complaint served upon him. The overwhelming weight of the evidence being to the effect that there was no disability of insanity affecting either the execution of the mortgages or the service of the summons and complaint, the injunction was properly refused.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.